FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 DEC 16  A II: 18

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

In re: MARK S. CORNEAL                      *    Case No. 99-5-5797 JS
                                            *
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*
                                            *
F. BRUCE CORNEAL                            *
PRESERVATION TRUST                          *
                                            *    Civil Action No. WMN-02-1141
    v.                                      *    (Adversary No. 99-5765-JS)
                                            *
BRIAN A. GOLDMAN                            *
                                            *

## MEMORANDUM

This is an appeal from an order of the United States
Bankruptcy Court for the District of Maryland, dated February 4,
2002, by which Bankruptcy Judge James Schneider denied
Appellants' motion to set aside a default judgment that had been
entered against them in Adversary No. 99-5765-JS. The relevant
facts are as follows.

Appellee Brian Goldman is the Chapter 7 Bankruptcy Trustee
for the estate of Mark Corneal, Appellant F. Bruce Corneal's
brother. Goldman initiated this adversary proceeding to recover
stock in Old Island Hotels, Inc., a closely held Florida
corporation whose principal asset is an historic hotel in Key
West, Florida. The stock at issue represents 20% of the
corporation and was transferred by the Debtor on or about March
27, 1996, to the Appellant "Preservation Trust," a trust for
which Appellant F. Bruce Corneal serves as trustee. The
Complaint alleged that the stock was transferred without adequate

consideration, and sought to recover the stock for the Debtor's estate under § 544 of the Bankruptcy Code and §§ 726.105(1)(a) and 726.108 (1)(a) of the Florida Code.

After an initial attempt at service by mail to Appellants at incorrect addresses, on or about November 12, 1999, Goldman mailed the complaint and summons to two new Florida addresses, 58744 Overseas Highway, Grassy Keys, FL, 33050; and P.O. Box 500451, Marathon, FL, 33050.  No answer was filed and the Bankruptcy Court entered a default judgment against Appellants on February 1, 2000.  The Bankruptcy Court subsequently entered an order canceling the Preservation Trust's stock certificate and authorized the issuance of a new certificate on or about April 20, 2000.  On November 21, 2000, the Bankruptcy Court approved the sale of that reissued certificate to the corporation itself for $185,000.  Significantly, while Appellants assert that the addresses to which the complaint was sent on November 12, 1999, were not correct addresses, and that they never received a copy of the complaint, Appellants acknowledge that they became aware of the adversary proceeding at least by April 10, 2000, when they received a copy of Goldman's "Supplemental Motion for Judgment by Default."  See F. Bruce Corneal Aff., Exh. 11.  This was ten days before the Bankruptcy Court canceled the Preservation Trust's stock certificate.

On January 2, 2002, Appellants filed a motion to set aside the default, the default judgment, and the order approving the November 2000 stock sale.  Goldman opposed the motion, and Judge Schneider denied it on February 4, 2002, by signing the order submitted by Goldman with his opposition.  It is from that order that Appellants appeal.  The parties concur that this Court's review of the decision of the Bankruptcy Court is <u>de novo</u>.  <u>See</u>, <u>Vinten v. Jeantot Marine Alliances, S.A.</u> 191 F.Supp.2d 642, 650 n.12 (D.S.C. 2002).

In this appeal, Appellants argue, <u>inter alia</u>, that:

> 1) the default judgment was void because service of process was sent to the wrong addresses and, therefore, the Bankruptcy Court never obtained personal jurisdiction over Appellants;
>
> 2) the default judgment was void because the fraudulent conveyance claim was barred by Maryland's three year statute of limitations; and
>
> 3) the Bankruptcy Court erred in failing to conduct a hearing on Appellants' motion and to make written findings of facts and conclusions of law.[1]

---

[1]  The parties have also raised arguments as to whether the motion to vacate default judgment was timely filed.  While the Court need not decide that issue, it would appear that it was timely filed, as there are no time limitations for motions pursuant to Rule 60(b)(4).  <u>See</u>, <u>In re Heckert</u>, 272 F.3d 253, 256-57 (4th Cir. 2001) ("Heckert, however, filed the motion under [Rule] 60(b)(4), which is not subject to the reasonable time limitations imposed in the other provisions of Rule 60(b)."); <u>Vinten</u>, 191 F.Supp.2d at 651.

3

This Court concludes that Appellants have no basis upon which to argue that service under Bankruptcy Rule 7004 was ineffective. Rule 7004 provides that service can be accomplished "by mailing a copy of the summons and complaint to [an individual's] dwelling house or usual place of abode or to the place where he regularly conducts his business or profession." While Appellants protest that the Marathon, Florida post office box is one which "has never been used by [Appellants] to regularly conduct business," Appellants' Brief at 8, the record reveals that Appellant Corneal used this address as his only address in pleadings that he submitted in various court proceedings around the same time that service was accomplished in this action. Appellant Corneal used this post office box address in a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit that he filed on November 4, 1999, just a few days before the complaint in this action was sent to that same address. Exh. 16(A). Appellant Corneal used this same address on August 9, 1999 when he filed an adversary action in the Bankruptcy Court for the District of Maryland. Exh. 16(B). Appellant Corneal again used this address when he filed an appeal to this Court in his own bankruptcy proceedings on September 21, 1999. Exh. 16(C).

4

Appellants' protest rings all the more hollow in light of the fact that, just a few months prior to the service of this action, Judge Schneider chastised Appellant Corneal for intentionally hiding his true residence and domicile. See Exh. 16(D) (Transcript of proceeding held on August 9, 1999 in which Judge Schneider dismissed Appellant's bankruptcy for lack of disclosure of assets). Appellant Corneal admits in his most recent pleading that he has avoided using or disclosing a physical address, explaining that he has "used a Florida Post Office Box due to the unrelenting interference in his businesses [and] predatory behavior of his two avaricious brothers." Appellants' Brief at 23.

When an individual participates in litigation, he has an obvious obligation to furnish the Court and other litigants with a current address to which he would anticipate that notices would be sent. See, e.g., Local Rule 102.1.b.ii ("Duty to Keep Current Address on File"). Appellant Corneal repeatedly identified the Marathon Post Office Box as such an address. Appellants cannot now be heard to complain that process in this litigation was sent to that same post office box, particularly when Appellant Corneal acknowledges that he made significant efforts to hide his physical address.

There is also no merit in Appellants' contention that it is the Maryland, and not the Florida, statute of limitations that is

applicable to the Estate's fraudulent conveyance claim. Although
Appellants argued in the Bankruptcy Court that the statute of
limitation issue is "procedural," see Exh. 15 at 10, the parties
now agree that it is "substantive." Under Maryland choice of law
rules, the doctrine of lex loci delictus dictates which state's
substantive law applies to this tort action. Chambco v. Urban
Masonry, 338 Md. 417 (1995). In the transfer at issue in this
litigation, the Stock Certificate of the Florida corporation was
transferred to "Preservation Trust c/o F. Bruce Corneal, P.O. Box
662, Key West, FL, 33041." Thus, as Florida is the state in
which the transferee resided, and to which the property at issue
was removed, the law of Florida should apply.

The Court notes that, were it to assume that Maryland law
applied and the statute of limitations had run on the Estate's
fraudulent conveyance claim, that would not render the default
judgment void. A judgment may be vacated as void under Rule
60(b)(4) only if the rendering court lacked personal
jurisdiction, subject matter jurisdiction, or acted in a manner
inconsistent with due process of law. See Eberhardt v.
Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir.
1999). While Appellants' first argument regarding lack of
service, if meritorious, would have rendered the judgment void
because of the resultant lack of personal jurisdiction,
Appellants provide no authority for the proposition that a
default judgment entered on a claim subject to limitations is

6

void.  Particularly here, where Appellants had actual notice and opportunity to raise a limitations defense prior to the Bankruptcy Court's entry of the order canceling the certificate, the Court cannot conclude that the judgment was inconsistent with due process.

Finally, Appellants argue that the Bankruptcy Court's order must be vacated and the case remanded on the ground that the Bankruptcy Court failed to hold a hearing on their motion and issue written findings of fact and conclusions of law.  The Bankruptcy Court is not compelled to hold a hearing where, as here, the pleadings conclusively reveal that Appellants' arguments were wholly without merit.  As for the requirement of written findings, the very case relied upon by Appellants, In re Jess, 169 F.3d 1204, 1209 (9th Cir. 1999), notes that the failure by a lower court to make required findings does not compel remand if a complete understanding of the issues may be had without the aid of such findings.

For the reasons stated herein, the decision of the Bankruptcy Court will be affirmed.  A separate order consistent with this memorandum will issue.

William M. Nickerson
Senior United States District Judge

Dated: December 16 , 2002

7